United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                                              Case No. 19-13478-pmm

Marie Ann Holenda-Pletz                                                                  Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-4 | User: admin | Page 1 of 2 |
| Date Rcvd: Aug 30, 2021 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**      **Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 01, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Marie Ann Holenda-Pletz, 211 W. Wabash Street, Allentown, PA 18103-5022 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 01, 2021                    Signature:            /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 30, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| KEVIN G. MCDONALD | on behalf of Creditor Quicken Loans Inc. bkgroup@kmllawgroup.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Quicken Loans Inc. bkgroup@kmllawgroup.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Quicken Loans  LLC fka Quicken Loans Inc. bkgroup@kmllawgroup.com |
| REGINA COHEN | on behalf of Creditor Ally Bank rcohen@lavin-law.com  ksweeney@lavin-law.com |
| SCOTT F. WATERMAN (Chapter 13) | ECFMail@ReadingCh13.com |
| Scott F Waterman | on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ECFMail@ReadingCh13.com |

District/off: 0313-4                     User: admin                                    Page 2 of 2
Date Rcvd: Aug 30, 2021                  Form ID: pdf900                          Total Noticed: 1

United States Trustee          USTPRegion03.PH.ECF@usdoj.gov

ZACHARY ZAWARSKI

                               on behalf of Debtor Marie Ann Holenda-Pletz zzawarski@zawarskilaw.com


TOTAL: 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                                : BANKRUPTCY NO. 19-13478(PMM)
MARIE ANN HOLENDA-PLETZ                               :
                                                     : CHAPTER 13
            Debtor                                    :

### STIPULATION RESOLVING ALLY FINANCIAL INC.'S
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THIS MATTER having been brought before the Court on a Notice of Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(d) by Lavin, Cedrone, Graver, Boyd & DiSipio, attorneys for Ally Financial Inc. and Zachary Zawarski, Esquire attorney for Marie Ann Holenda-Pletz (the "Debtor"), having consented to the entry of the within Order, and for good cause shown;

AND NOW COMES Ally Financial Inc., by and through their counsel, and state as follows:

(a)    Marie Ann Holenda-Pletz (the "Debtor") financed the purchase of a 2015 Buick Encore, VIN: KL4CJBSB0FB269126 (the "Vehicle") pursuant to the terms of a Retail Installment Sale Contract dated October 4, 2016 (the "Contract") which has been assigned to Ally Financial Inc.

(b)    Pursuant to the Contract, Ally Financial Inc. maintains a perfected security interest in and to: (a) the Vehicle; (b) accessories, equipment and replacement parts installed in the Vehicle; and (c) service contracts on the Vehicle.

(c)    The Debtor desires to retain possession of the Vehicle and provide adequate protection for Ally Financial Inc.'s interest in the Vehicle.

NOW THEREFORE, in consideration of *Patricia M. Mayer*

STIPULATE AND AGREE as follows:

**Date: August 30, 2021**

1.     The Debtor is currently $6,036.74 in post-petition arrears through and including the June 18, 2021 due payment. The Debtor acknowledges her account is in post-petition arrears in the amount of $6,036.74.

2.     The Debtor is paying $6,036.74 of the post-petition arrears along with $500.00 attorney fees through the Chapter 13 Plan for a total payment of $6,536.74. Claimant shall file an amended Proof of Claim including the arrears as stated above. Debtor shall amend her plan within thirty (30) days to include this amount.

3.     The Debtor shall resume making regular monthly contractual payments in the amount of $490.93 each, commencing with the payment due on or before July 18, 2021. Pursuant to the Contract, a late charge may be assessed for any payment not received in full within ten (10) days after it is due.

4.     The Debtor shall make the July 18, 2021 payment and all future payments on time. Said payment shall be forwarded to: Said payment shall be forwarded to: Ally Financial Inc., Payment Processing Center, P.O. Box 78234, Phoenix, AZ 85062-8234.

5.     All payments shall be made payable to Ally Financial Inc., Payment Processing Center, P.O. Box 78234, Phoenix, AZ 85062-8234.

6.     The Debtor hereby agrees to maintain insurance coverage in such types and amounts as are required by the Contract until such time as all amounts due Ally Financial Inc. under the Contract are paid in full.

7.     If Debtor fails to comply with any of the stipulated terms herein, or if Debtor fails to make the regular payments due and owing within fifteen (15) days of due date, Ally Financial Inc. will give Debtor and Debtor's counsel notice by facsimile, first class mail or e-mail. Debtor will have fifteen (15) days to bring the account current. If the account is not brought current

2

upon expiration of the fifteen (15) day default period, Ally Financial Inc. will file a Certification

of Counsel that Debtor is in default, together with a proposed Order to the Bankruptcy Court, and

serve copies of the same upon the Debtor, Debtor's counsel and Chapter 13 Trustee.  It is also

expressly understood that the notice and cure period provided herein, only applies with respect to

Ally Financial Inc.'s ability to obtain relief from the automatic stay in this bankruptcy case and

does not in any way apply to or restrict Ally Financial Inc.'s ability to pursue its rights pursuant

to the Contract.

      8.     If for any reason Debtor(s)' case is closed, terminated, dismissed or converted, the

parties hereto agree and acknowledge that the terms of this agreed/stipulated order will be null

and void and the parties are returned to the status quo with their respective rights under state law

and the Contract.

      9.     The Trustee has no objection to the terms of the stipulation, without prejudice to

any of their rights and remedies.

      10.    This Stipulation may be executed by facsimile and such facsimile signatures shall

be deemed as originals.

11.    The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: 8/9/2021

_____
ZACHARY ZAWARSKI, ESQUIRE
Attorney for the Debtor

CONSENTED TO BY:

DATED: 8/16/2021

/s/ Regina Cohen
_____
REGINA COHEN, ESQUIRE
Attorneys for Ally Financial Inc.

CONSENTED TO BY:

DATED: 8/19/2021

_____
SCOTT F. WATERMAN
Chapter 13 Trustee

SO ORDERED:

ENTERED ON:    August 30, 2021

_____
PATRICIA M. MAYER
United States Bankruptcy Judge

2263726v1

4